## Commonwealth v. Rash.

*Bryan A. Hermes*, Assistant District Attorney, and *John Monaghan*, District Attorney, for Commonwealth.

*Evans & Wernick*, for defendant.

SMITH, J., May 3, 1929.—This matter comes before the court on a motion to quash an indictment. The information affidavit upon which the warrant was issued charged the defendant as follows:

"2. Within four years last past, to wit, on or about March 10, 1924, Hyman Rash, being the president, director and owner of the majority of the capital stock of the Gallipolis Furniture Manufacturing Company of Gallipolis, Ohio, the Shelby Furniture Company of Shelby, Indiana, and the Fancy Furniture Company of Seymour, Indiana, did, within the jurisdiction of the Court of Quarter Sessions and Oyer and Terminer of the City and County of Philadelphia, State of Pennsylvania, make, circulate and publish a written or printed statement which he knew to be false, showing the financial condition of the said Hyman Rash, trading as the American Furniture Company, with intent to deceive and defraud creditors of, and with intent to induce various persons to advance money or property to, the said corporations by virtue of the personal guarantee and endorsement of said Hyman Rash on the obligations of said corporations, said statements being issued to establish the credit of said Hyman Rash and to induce said persons to accept the said guarantee or endorsement of said Hyman Rash and to advance money or property to said corporation.

"3. Said Hyman Rash did, on or about March 10, 1924, by false pretense, through the instrument of, and by the issuance of, false and fraudulent statements as to the financial condition of said Hyman Rash, and within the jurisdiction of the Court of Quarter Sessions and Oyer and Terminer of the City and County of Philadelphia, State of Pennsylvania, obtain from Philip A. Metzger, and various other persons, goods and merchandise, with intent to cheat and defraud said Philip A. Metzger and other persons."

The indictment reads that Hyman Rash, late of said county, on April 16, 1924, did make, circulate and publish and concur in making, circulating and

publishing a certain written statement and account purporting to be a true and accurate statement and account of the assets and liabilities of the said Hyman Rash, trading as the American Furniture Company, and of his financial condition.

The statement made by the defendant was given by him as an individual. It is the contention of the Commonwealth that this statement showing his financial condition was false and that by its fraudulent reprensentations [he] induced certain creditors to advance property and moneys to the Gallipolis Furniture Manufacturing Company of Gallipolis, Ohio; the Shelby Furniture Company of Shelby, Indiana; and the Fancy Furniture Company of Seymour, Indiana, corporations of which the defendant was president and majority stockholder.

The motion to quash is based upon several reasons, the principal one of which is that the action is barred by the statute of limitations. The Commonwealth contends that while the defendant gave the statement as an individual, the corporation benefited by this statement, and that, therefore, the limitation of action, as provided by statute for officers of a corporation, should govern, in this case being for four years instead of two as in cases when individuals are involved.

Section 4 of the Act of June 12, 1878, P. L. 196, is as follows: "If any officer, director, superintendent, manager, receiver, employee, agent, attorney, broker or member of any bank or other body corporate or public company, municipal or quasi-municipal corporation shall make, circulate or publish, or concur in making, circulating or publishing, any written or printed statement or account which he shall know to be false in any particular, with intent to deceive or defraud any member, shareholder or creditor of such body corporate or public company, municipal or quasi-municipal corporation, or with intent to induce any person to become a shareholder or partner therein, or to interest or advance any money or property to such body corporate or public company, or to enter into any security for the benefit thereof, [he] shall be guilty of a misdemeanor."

An officer of a corporation may have a dual responsibility to observe the criminal laws of this Commonwealth, one in his representative capacity as an officer of a corporation and the other as an individual member of the community. When such a person is charged with the performance of a crime, the statute under which he is indicted must be carefully examined.

It is admitted that this defendant gave a statement of his individual property to a creditor of several corporations of which he was an officer, and that, based upon the fraudulent statement, this creditor advanced money or property to these corporations.

It cannot be contended that as an individual this defendant, not acting in a representative capacity for any of these corporations, giving a false statement of his own affairs, would be guilty of any crime under this statute. The Commonwealth contends that this defendant is properly indicted because at the time he gave a fraudulent statement he was an officer in each of the corporations that benefited by his acts. The defendant as an individual is one entity. The corporation of which he is an executive is a separate entity. Unless the individual extended his credit to the corporate entity of which he was an executive, or became surety or guarantor for its obligations, he, as an individual, would not be responsible for its debts; therefore, the condition of his personal finances could not affect the credit rating of the corporation. It cannot be assumed that any concern would extend credit to a corporation based solely upon a statement of the individual financial worth of an officer or

stockholder of that corporation. If any creditor of a corporation did so rely, it must be clear that there could be no civil liability on the part of the individual who incidentally happened to be an officer of the corporation. The individual statement of the officer of a corporation, therefore, cannot be material in inducing a creditor to extend credit to that corporation. Since it is not material, the giving of such an individual statement is not a crime, even though it be false.

The Act of 1878 refers to the statement, not of an officer as an individual but of a corporation as made, published, circulated, etc., by one of its officers, agents, attorneys, etc., for the purpose of deceiving or defrauding any member, shareholder or creditor of such body corporate, etc. The act of assembly refers to a statement of the account of a corporation. The statement as given by this defendant is that of an individual. The indictment was drawn more than two years subsequent to the alleged commission of the crime. For this reason, the motion to quash this indictment is sustained.